IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN WHITMIRE, Personal            CV 05-1019-BR
Representative of the Estate
of WAYNE WHITMIRE,

        Plaintiff,                   OPINION AND ORDER

v.

PREMIER INDUSTRIES, INC.,
a Washington corporation, dba
WESTERN INSULFOAM and/or
INSULFOAM MANUFACTURING,

        Defendant.


ANDREW W. CARTER
Dunn, Toole & Carter, LLP
112 W. Fourth Street
The Dalles, OR 97058
(541) 296-1804

       Attorneys for Plaintiff

KRISHNA BALASUBRAMANI
Sather, Byerly & Holloway, LLP
621 S.W. Morrison, Suite 600
Portland, OR 97205
(503) 412-3104

       Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion to Dismiss (#5).

For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion as explained herein.

## PLAINTIFF'S COMPLAINT

Plaintiff is the personal representative of the Estate of Wayne Whitmire. Defendant operates a plant in The Dalles, Oregon. Wayne Whitmire was employed at Defendant's plant.

On June 14, 2002, Wayne Whitmire was operating a Tracereye machine at Defendant's plant when he contacted unprotected electrical sources, which resulted in his death. Plaintiff alleges Defendant caused Wayne Whitmire's death "with deliberate intention."

## STANDARDS

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)(citation omitted). When deciding a Rule 12(b)(6) motion, a court must limit its review to the contents of the complaint, take all allegations of

material fact as true, and view the facts in the light most favorable to the nonmoving party. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *McGary*, 386 F.3d at 1261 (internal quotation and citation omitted).

## **DISCUSSION**

Under Oregon law, a decedent's representative may bring a wrongful death action only "if the decedent might have maintained an action, had the decedent lived." Or. Rev. Stat. § 30.020(1). Defendant contends Plaintiff's wrongful death claim is barred by the exclusive remedy provision of Oregon's Workers' Compensation Act, Or. Rev. Stat. Chapter 656, because the Decedent could not have brought an action against his employer for a negligently-caused injury if Decedent had lived. *See Kilminster v. Day Mgmt. Corp.*, 323 Or. 618, 624 (1996). Indeed, Or. Rev. Stat. § 656.018(2) provides:

> The rights given to a subject worker and the beneficiaries of the subject worker under this chapter for injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment are in lieu of any remedies they might otherwise have for such injuries, diseases, symptom complexes or similar conditions against the

3 - OPINION AND ORDER

>     worker's employer under ORS 654.305 to
>     654.335 or other laws, common law or statute,
>     except to the extent the worker is expressly
>     given the right under this chapter to bring
>     suit against the employer of the worker for
>     an injury, disease, symptom complex or
>     similar condition.

Plaintiff, however, argues her claim falls within the well-recognized "intentional injury" exception to the exclusive remedy rule, which is codified at Or. Rev. Stat. § 656.156(2). Under Or. Rev. Stat. § 656.156(2), a worker may sue an employer for damages "[i]f injury or death results to a worker from the deliberate intention of the employer of the worker to produce such injury or death." The phrase "deliberate intention to produce such injury or death" means "the employer must have determined to injure an employee and used some means appropriate to that end; that there must be a specific intent, and not merely carelessness or negligence, however gross." *Kilminster*, 323 Or. at 630 (internal quotation and citation omitted).

According to Defendant, the Court must dismiss the Complaint because Plaintiff does not adequately allege a deliberate intent to cause injury or death as required by Or. Rev. Stat. § 656.156(2).

Plaintiff alleges Defendant's conduct is culpable in 11 particulars. The Court agrees with Defendant that ten of the 11 specifications (paragraph 8(a)-(j)) describe conduct that is negligent or, at most, grossly negligent, even when viewed in the

4 - OPINION AND ORDER

light most favorable to Plaintiff.  These include allegations that Defendant failed to employ safe work practices, failed to repair warning systems, failed to have the necessary number of members on the safety committee, etc.

Nonetheless, in paragraph 8(k) Plaintiff alleges Defendant assigned Decedent "to operate the machinery knowing that it would cause injury and/or death" and that Defendant, "with deliberate intention, caused the injury and death" of Decedent.  In this single respect, the Court finds Plaintiff's allegations in paragraph 8(k) are sufficient to state a claim under federal notice pleading standards.  *See* Fed. R. Civ. P. 8(a).

Accordingly, the Court grants Defendant's Motion to Dismiss as to paragraphs 8(a) through 8(j) and denies the Motion as to paragraph 8(k).


## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss (#5) as specified herein. Plaintiff must file an Amended Complaint consistent with this Opinion and Order no later than October 20, 2005.

IT IS SO ORDERED.

DATED this 6th day of October, 2005.

/s/ Anna J. Brown
_____
ANNA J. BROWN

United States District Judge